IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DE'SEAN BUTTERFIELD**, on behalf of himself and all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**TRIPLE CANOPY, INC.** and **CONSTELLIS HOLDINGS, LLC**<br><br>Defendants. | :<br>:<br>: **Class and Collective Action**<br>:<br>:<br>: **Civil Action No.:**<br>:<br>:<br>:<br>: **Jury Trial Demanded**<br>:<br>:<br>: |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

De'Sean L. Butterfield ("Plaintiff Butterfield"), by and through his undersigned counsel, on behalf of himself and all persons similarly situated,[1] hereby files this Class and Collective Action Complaint against Triple Canopy, Inc. ("Defendant Triple Canopy") and Constellis Holdings, LLC ("Defendant Constellis") (collectively, "Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"); Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101 *et seq.* ("PMWA"); and the Philadelphia Wage Theft Ordinance, Phila. Code §§ 9-4301 *et seq.* ("PWTO").

**JURISDICTION AND VENUE**

1. Jurisdiction over Plaintiff Butterfield's FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff Butterfield's claims arose within this District. Defendants conduct business in

---

[1] All allegations herein with respect to Plaintiff Butterfield are made based upon his own personal knowledge and allegations with respect to others are made upon information and belief.

1

this District, and Plaintiff Butterfield was employed by Defendants in this District.

## PARTIES

3. Plaintiff Butterfield is an individual currently residing in Philadelphia, Pennsylvania. He has been employed as a Security Guard by Defendants at Naval Support Activity Philadelphia (a U.S. Naval Base in Northeast Philadelphia) since approximately September 2019, and pursuant to 29 U.S.C. § 216(b) has consented in writing to being a plaintiff in this action. *See* Ex. A.

4. Defendant Triple Canopy is an Illinois corporation headquartered at 13530 Dulles Tech. Drive #500, Herndon, Virginia 20171.

5. Defendant Constellis is a Delaware limited liability company headquartered Herndon, Virginia.

6. Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

7. Defendants' annual gross volume of business exceeds $500,000.

8. Defendants jointly comprise an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

9. Defendants perform related security services through a unified operation with common labor relations, personnel and facilities, for a common business purpose. Defendants are under common control and ownership.

## CLASS DEFINITIONS

10. Plaintiff Butterfield brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following class of potential opt-in

litigants:

> All current or former armed personnel employed by Defendant Triple Canopy and/or Defendant Constellis who performed work at any federal facility in Philadelphia, Pennsylvania during the last three years, and whom were not paid for any pre or post shift work time (the "FLSA Class" or "Security Guards").

11. Plaintiff Butterfield brings Counts II and III of this lawsuit as a class action pursuant to FED. R. CIV. P. 23, on behalf of himself and the following class:

> All current or former armed personnel employed by Defendant Triple Canopy and/or Defendant Constellis who performed work at any federal facility in Philadelphia, Pennsylvania during the last three years, and who were not paid for any pre or post shift work time (the "Philadelphia Class").

12. The FLSA Class and the Philadelphia Class are together referred to as the "Classes."

13. Plaintiff Butterfield reserves the right to redefine the Classes and to assert claims on behalf of other classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

14. Defendant Constellis is the owner and operator of several security and military contracting companies, including Defendant Triple Canopy:

> The Constellis family of companies has grown to include a global team of industry leaders including Triple Canopy, Olive Group and The Development Initiative, as well as legal companies Centerra, ACADEMI, AMK9, OMNIPLEX, Strategic Social and Edinburgh International. Today, Constellis is the largest and most diverse non-financial risk management company in the United States, offering turn-key solutions to address our customers' most complex challenges wherever we are needed around the world.

*Available at*: http://www.constellis.com (last accessed 7/17/2021).

15. Among other services, Defendants provide security services, including at governmental facilities:

**Armed and Unarmed Physical Security Services for Government and**

3

> **Commercial Customers**
>
> Personnel, facilities, data, networks, equipment and other assets are vulnerable to a number of attacks. Constellis is a trusted and experienced provider of security services. Our integrated security solutions range from uniformed protective services to high threat protection for government, corporate and nongovernmental customers. We deliver quality-driven, professional services to safeguard personnel, infrastructure, and other valuable assets and investments.

*Available at*: https://www.constellis.com/what-we-do/security/physical-protective-services/ (last accessed 7/17/2021) (emphasis added).

16. Since approximately September 2019, Plaintiff Butterfield has been employed by Defendants as a Security Guard[2] at the Naval Support Activity Philadelphia base ("NSAP").

17. Plaintiff Butterfield is a non-exempt hourly-compensated employee, who was generally paid at rates of pay ranging from $10.60 to $23.07 over his tenure.

18. With the exception of unpaid pre and post shift working time, Plaintiff Butterfield and Security Guards are generally paid at 150% of their regular hourly rates of pay for hours worked in excess of forty (40) in a workweek.

19. However, for approximately 17-20 minutes <u>prior to</u> clock-in time, Plaintiff Butterfield and Security Guards spent time performing uncompensated work including donning their bullet-proof vests, work boots, duty belts, and walk-talkies, as well as signing out their weapons, loading ammunition into their weapons, and performing weapon safety checks.

20. Additionally, for approximately 10 minutes <u>after</u> clocking out, Plaintiff Butterfield and Security Guards performed uncompensated work including "downloading" their weapons, and turning in their weapons and equipment to their supervisors.

---

[2] Plaintiff Butterfield began his employment in approximately September 2019 as an "Armed Security Officer," became a "Security Guard" in approximately December 2019, became a "Guard Level 1" in approximately June 2020, and has served as a "Guard Level 2" since approximately September 2020.  Each of these positions are collectively included encompassed by the term "Security Guards" in this Complaint.

21. In most weeks of work, Plaintiff Butterfield and Security Guards performed in excess of 40 hours of compensable work in which they were uncompensated for approximately 27-30 minutes of pre and post shift work each working day, including tasks described above. In a workweek for example, in which a security guard worked five days, that security guard would thus be uncompensated for approximately two hours and 15 minutes to two hours and 30 minutes of pre and post shift work time.

22. Each of the work tasks described above are not only mandatory for all Security Guards but are also integral to Defendants' business of providing security services.

Violations of the Service Contract Act

23. The work at issue in this action – security services performed at federal facilities under federal contracts – is subject to the federal Service Contract Act, 41 U.S.C. § 6701 *et seq*. ("SCA").

24. The SCA is clear that all hours of work subject to the SCA must be compensated at least at the minimum SCA rate:

> **29 C.F.R. § 4.166 Wage payments - unit of payment.**
> <u>The standard by which monetary wage payments are measured under the Act is the wage rate per hour</u>. An hourly wage rate is not, however, the only unit for payment of wages that may be used for employees subject to the Act. Employees may be paid on a daily, weekly, or other time basis, or by piece or task rates, so long as the measure of work and compensation used, when translated or reduced by computation to an hourly basis each workweek, will provide a rate per hour that will fulfill the statutory requirement. <u>Whatever system of payment is used, however, must ensure that each hour of work in performance of the contract is compensated at not less than the required minimum rate</u>. Failure to pay for certain hours at the required rate cannot be transformed into compliance with the Act by reallocating portions of payments made for other hours which are in excess of the specified minimum.

*Id.* (emphasis added). *See also Smiley v. E.I. Dupont De Nemours & Co.,* 839 F.3d 325, 332–35 (3d Cir. 2016) (declining to offset employer's FLSA liability for unpaid pre- and post-shift work with amounts paid for unproductive lunch breaks).

25. Due to Defendants' failure to compensate Security Guards for all hours worked on federal service contracts, Defendants have also violated the SCA.

Complaints/Willfulness

26. On several occasions, Security Guards attempted to clock in at the time in which they began pre-shift work involving theirs weapon and ammunition but were rebuffed by their Lieutenants and told not to clock in "early" again.

27. Upon information and belief, Defendants have received complaints about uncompensated pre and/or post-shift work but have willfully disregarded these complaints as well as applicable wage requirements under the FLSA and state law.

28. Defendants do not maintain accurate records of the actual hours that Plaintiff Butterfield and FLSA Class Members worked each workday and the total hours worked each workweek as required by the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5(a), 516.6(a)(1).

29. Defendants knew or should have known that Plaintiff Butterfield and FLSA Class Members were not exempt from the FLSA's overtime requirements.

30. Defendants are sophisticated national and international businesses with access to knowledgeable human resource specialists and competent labor and employment counsel.

31. Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions by failing to pay Plaintiff Butterfield and the FLSA Class for all overtime wages mandated by 29 U.S.C. § 207.

**COLLECTIVE ACTION ALLEGATIONS**

32. Plaintiff Butterfield brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

33. Plaintiff Butterfield desires to pursue his FLSA claims on behalf of himself and any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

34. Plaintiff Butterfield and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked as Security Guards pursuant to Defendants' previously described common pay practices and, as a result of those practices, were not paid the full minimum wage required by 29 U.S.C. § 206. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping, and payroll practices.

35. Specifically, Defendants failed to pay Plaintiff Butterfield and the FLSA Class at 150% of their regular hourly rate for all hours worked in excess of 40 each workweek, as mandated by 29 U.S.C. § 207, by forcing Plaintiff Butterfield and the FLSA Class to perform compensable work off the clock.

36. The similarly situated employees are known to Defendants, are readily identifiable, and may be located through Defendants' business and human resource records.

37. Defendants employ many FLSA Class Members. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

38. Plaintiff Butterfield brings this action as class actions pursuant to FED. R. CIV. P. 23 on behalf of himself and the Philadelphia Class defined above.

39. The members of the Philadelphia Class are so numerous that joinder of all members

is impracticable. Upon information and belief, there are well in excess of forty (40) members of each the Philadelphia Class.

40. Plaintiff Butterfield will fairly and adequately represent and protect the interests of the Philadelphia Class because there is no conflict between the claims of Plaintiff Butterfield and those of the Philadelphia Class, and Plaintiff Butterfield's claims are typical of the claims of the Philadelphia Class. Plaintiff Butterfield's counsel are competent and experienced in litigating wage and hour and other complex labor matters, including class and collective actions like this one.

41. There are questions of law and fact common to the proposed Philadelphia Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Defendants have violated and continue to violate Pennsylvania law through their policies or practices of not paying overtime wages for hours worked over 40 in a workweek, as mandated by 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

42. Plaintiff Butterfield's claims are typical of the claims of the Philadelphia Class in the following ways, without limitation: (a) Plaintiff Butterfield is a member of the Philadelphia Class; (b) Plaintiff Butterfield's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Philadelphia Class; (c) Plaintiff Butterfield's claims are based on the same legal and remedial theories as those of the Philadelphia Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff Butterfield and the Pennsylvania Class Members or the Philadelphia Class Members; and (e) the injuries suffered by Plaintiff Butterfield are similar to the injuries suffered by the Pennsylvania Class and Philadelphia Class members.

43. Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions

of law and fact common to the Philadelphia Class predominate over any questions affecting only individual Class members.

44. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Philadelphia Class is readily identifiable from Defendants' own employment records. Prosecution of separate actions by individual members of the Philadelphia Class would create the risk of inconsistent or varying adjudications with respect to individual Philadelphia Class members that would establish incompatible standards of conduct for Defendants.

45. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Furthermore, the amounts at stake for many of the Philadelphia Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendants.

46. Without a class action, Defendants will retain the benefit of their wrongdoing, which will result in further damages to Plaintiff Butterfield and the Philadelphia Class. Plaintiff Butterfield envisions no difficulty in the management of this action as a class action.

## COUNT I
**Violations of the Fair Labor Standards Act**
**(On Behalf of the FLSA Class)**

47. All previous paragraphs are incorporated as though fully set forth herein.

48. The FLSA requires that covered employees be compensated by their employers for all hours worked, and at 150% of their regular hourly rate for all hours worked in excess of 40 in any workweek ("Overtime Rate"). 29 U.S.C. § 207(a)(1).

49. Defendants are subject to the wage requirements of the FLSA because they are each an "employer" under 29 U.S.C. § 203(d).

50. During all relevant times, Defendants were each engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

51. During all relevant times, Plaintiff Butterfield and the FLSA Class were covered employees of Defendants, and as such were entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

52. Plaintiff Butterfield and the FLSA Class are not exempt from the requirements of the FLSA. Plaintiff Butterfield and the FLSA Class are entitled to be paid at Overtime Rate for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

53. Defendants failed to comply with 29 U.S.C. § 207(a)(1) by failing to compensate Plaintiff Butterfield and the FLSA Class at Overtime Rate for all hours worked over forty (40) in a workweek.

54. Defendants knowingly failed to compensate Plaintiff Butterfield and the FLSA Class at Overtime Rate for all hours worked in excess of forty (40) hours per workweek, in violation of 29 U.S.C. § 207(a)(1).

55. Defendants also failed to make, keep, and preserve records with respect to Plaintiff Butterfield and the FLSA Class sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(a)(5).

56. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

57. Pursuant to 29 U.S.C. § 216(b), employers such as Defendants, who fail to pay employees' wages in conformance with the FLSA shall be liable to the employees for unpaid wages, liquidated damages, court costs and attorneys' fees incurred.

### COUNT II
### Violation of the Pennsylvania Minimum Wage Act
### (On Behalf of the Philadelphia Class)

58. All previous paragraphs are incorporated as though fully set forth herein.

59. The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at Overtime Rate. *See* 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

60. Defendants are subject to the overtime requirements of the PMWA because Defendants are employers under 43 P.S. § 333.103(g).

61. During all relevant times, Plaintiff Butterfield and the Philadelphia Class were covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

62. Defendants failed to compensate Plaintiff Butterfield and the Philadelphia Class at an Overtime Rate for hours worked in excess of forty (40) hours per week, in violation of 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

63. Defendants are thus liable Security Guards for the wages or expenses not paid, interest, court costs and attorneys' fees incurred in recovering the unpaid wages.

### COUNT III
### Violation of the Philadelphia Wage Theft Ordinance
### (On Behalf of the Philadelphia Class)

11

64. All previous paragraphs are incorporated as though fully set forth herein.

65. The Philadelphia Wage Theft Ordinance, Phila. Code §§ 9-4301 *et seq.* ("PWTO") provides that any violation of any federal or state wage law subjects an employer to the remedies of the PWTO. *Id.*

66. At all relevant times as alleged herein, Plaintiff Butterfield and the Philadelphia Class Members were employed by Defendants within the City of Philadelphia and within the meaning of the PWTO.

67. Defendants have, without any good-faith basis, failed to pay the wages due to Plaintiff Butterfield and the Philadelphia Class Members under the FLSA, PMWA, and SCA, for all work performed within the City of Philadelphia, as set forth in the preceding paragraphs of this Complaint, in violation of the PWTO, Phila. Code § 9-4307.

68. Pursuant to Phila. Code §§ 9-4305, 4307, employers such as Defendants, who fail to pay an employee's wages in conformance with the PWTO and with federal or state law, shall be liable to the employee for: a) the wages or expenses that were intentionally not paid, b) penalties of up to $2,300 per work week, c) court costs, and d) attorneys' fees incurred in recovering the unpaid wages.

69. Due to Defendant's violation of PWTO, Plaintiff Butterfield and the Philadelphia Class Members are entitled to recover all unpaid wages, plus $2,300 per work week in penalties, court costs, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Butterfield seeks the following relief on behalf of himself and all others similarly situated:

  a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

c. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Philadelphia Class;

d. Unpaid wages, unpaid overtime wages, and prejudgment interest to the fullest extent permitted under the law;

e. Liquidated damages and penalties to the fullest extent permitted under the law;

f. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and,

g. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff Butterfield demands a trial by jury for all issues of fact.

Dated: August 13, 2021

Respectfully Submitted,

GOODLEY MCCARTHY LLC

by: /s/ James E. Goodley
James E. Goodley (PA 315331)
Ryan P. McCarthy (PA 323125)
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
james@gmlaborlaw.com
ryan@gmlaborlaw.com

MORGAN ROOKS, PC
Franklin J. Rooks, Jr., Esquire
PA Attorney ID: 309562
525 Route 73 North, Suite 104
Marlton, NJ 08053
Telephone: (856) 874-8999
Email: fjrooks@morganrooks.com

*Attorneys for Plaintiff and the Classes*